IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ANDREW GRIFFIN**                                                              **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 3:07-cv-416-WHB-LRA**

**DESKA VARNADO AND**
**MCCOMB POLICE DEPARTMENT**                                    **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This cause is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, Andrew Griffin, filed this complaint pursuant to 42 U.S.C. § 1983 and sought as relief monetary damages and that his charges be dropped. Plaintiff is a pretrial detainee incarcerated in the Pike County Jail. The named Defendants are Deska Varnado and the McComb Police Department.

Plaintiff states that he has been falsely arrested by Deska Varnado and two McComb Police Department officers and charged with possession of cocaine. Plaintiff complains that his preliminary hearing was held in Magnolia, Mississippi instead of McComb, Mississippi and had his hearing been held in McComb, Mississippi he would have been able to call witnesses to prove his innocence. Therefore, Plaintiff alleges that he has been falsely arrested and imprisoned.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Plaintiff was granted *in forma pauperis*

status, § 1915(e)(2) applies to the instant case. As discussed below, the Plaintiff's § 1983 action at this time fails to state a claim on which relief may be granted.

The Plaintiff seeks to prove that his arrest lacks a basis in probable cause and therefore, his imprisonment is unconstitutional. For the reasons described below, this Court finds that the Plaintiff's claims of false arrest and false imprisonment under § 1983 are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).

In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges the Plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or *imprisonment*, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 2372 (footnotes omitted) (emphasis added); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

The Fifth Circuit has applied the holding of *Heck* in a suit brought pursuant to § 1983 by

an arrestee. *Wells v. Bonner*, 45 F.3d 90 (5th Cir. 1995).[1] The Plaintiff in *Wells* asserted claims for malicious prosecution, false arrest, and excessive force. *Id.* at 92. Specifically addressing the false arrest claim asserted by the Plaintiff, the court stated, "[i]t is immediately clear that ... the rationale of *Heck* precludes [the plaintiff's] claim of false arrest". *Id.* at 95. Plaintiff Griffin is essentially challenging his confinement by asserting a claim for false arrest or false imprisonment. This Court finds that if the Plaintiff were to be successful in this cause of action and awarded monetary damages for his imprisonment, it would necessarily imply the invalidity of his current confinement. Therefore, to the extent the Plaintiff is challenging the fact of his confinement and imprisonment and requesting monetary damages as relief, he is barred from proceeding under 42 U.S.C. § 1983 at this time.[2]

The Plaintiff *may* have habeas corpus as an available remedy. A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). Although 28 U.S.C. § 2241 does not specifically state that exhaustion is required, the requirement that a petitioner must exhaust his available state remedies has been judicially created. *Id.* at 225. In order for a petitioner proceeding pursuant to § 2241 to exhaust his available state remedies, he would need to present

---

[1] Plaintiff Wells was arrested and charged with resisting a search and disorderly conduct. The disorderly conduct charge was dropped before trial and Wells was prosecuted and convicted on the charge of resisting a search. *Wells* at 93.

[2] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

the grounds of his federal habeas petition to the Mississippi Supreme Court.  If a § 2241 petitioner has exhausted his available state remedies, the United States Supreme Court has held that a petitioner's request for habeas relief can be considered even though it is brought prior to trial.  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).  However, "*federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court*."  *Id.* at 489 (emphasis added).  Plaintiff may be able to assert his claim under § 2241 if he can meet the above stated requirements.

## Conclusion

As discussed above, the Plaintiff's claims for false arrest and false imprisonment are not cognizable under 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii).

## Three-strikes provision

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e) (2) (B)(ii)[3] it will counted as a "strike".  If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

---

[3]Title 28 Section 1915(g) states:

> "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 24th day of October, 2007.

    s/William H. Barbour, Jr.
    UNITED STATES DISTRICT JUDGE